UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERRY MEADOWS,
    Petitioner,

vs.

WARDEN, ALLEN
CORRECTIONAL INSTITUTION,
    Respondent.

Civil Action No. 1:10-cv-640

Spiegel, J.
Litkovitz, M.J.

REPORT & RECOMMENDATION

Petitioner, an inmate in state custody at the Allen Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his incarceration stemming from his November 1, 1996 aggravated murder, murder and aggravated robbery convictions. (Doc. 1, p. 1). This matter is before the Court on respondent's motion to dismiss (Doc. 10) and petitioner's memorandum in opposition. (Doc. 13).

I.     **PROCEDURAL HISTORY**

**State Trial and Appellate Proceedings**

On August 9, 1996, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with aggravated murder in violation of Ohio Rev. Code § 2903.01(B), murder in violation of Ohio Rev. Code § 2903.02(A), and aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1), each count including a firearm specification. (Doc. 10, Ex. 1). On November 1, 1996, a jury found petitioner guilty on all counts. (Doc. 10, Ex. 2). The count of murder was merged with the count of aggravated murder as an allied offense of similar import. *Id.* Petitioner was sentenced to a term of life imprisonment for the aggravated murder conviction and a term of ten years for the aggravated robbery conviction, plus two additional terms of three

years for the firearm specifications. *Id.*

On June 2, 1997, through different counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, First Appellate District. (Doc. 10, Ex. 3). Petitioner raised the following assignments of error challenging his conviction and sentence:

1. The court erred to the prejudice of the Defendant-Appellant in denying his request for a jury instruction on the lesser-included offenses of voluntary manslaughter (O.R.C. 2903.03) and involuntary manslaughter (O.R.C. 2903.04).

2. The court erred in failing to declare a mistrial as a result of prosecutorial misconduct.

3. The court erred to the prejudice of the Defendant-Appellant by granting the State's request to exclude a prospective juror for cause during the voir dire of the jury.

4. The trial court erred to the prejudice of the Defendant-Appellant in failing to grant additional time to prepare mitigation evidence on behalf of the Defendant-Appellant prior to sentencing.

(Doc. 10, Ex. 3). On February 6, 1998, the Ohio appellate court overruled the assignments of error and affirmed the judgment of the trial court. (Doc. 10, Ex. 5).

On April 9, 2008, acting pro se, petitioner filed a notice of appeal (Doc. 10, Ex. 6) and a motion to file a delayed appeal with the Ohio Supreme Court. (Doc. 10, Ex. 7). Petitioner stated that he was unable to file an appeal within 45 days of the court of appeals' decision because he claimed that his counsel failed to advise him of his right to appeal. (Doc. 10, Ex. 7, p. 3). On June 4, 2008, the Ohio Supreme Court denied petitioner's motion for a delayed appeal. (Doc. 10, Ex. 8).

**Motion for New Trial and Motion to Vacate**

On May 19, 2008, petitioner filed a pro se motion for a new trial and a motion to vacate

indictment with the Hamilton County Court of Common Pleas, alleging that his indictment was defective. (Doc. 10, Ex. 9). The trial court entered an order overruling the motion on May 29, 2008. (Doc. 10, Ex. 10).

### Application for Reopening

On May 19, 2009, petitioner filed a delayed application for reopening of his direct appeal pursuant to Ohio App. R. 26(B) with the Ohio Court of Appeals. (Doc. 10, Ex. 11). Petitioner alleged ineffective assistance of appellate counsel based on his counsel's failure to raise the following issues:

> Proposed Assignment of Error No. 1:
> The trial court erred when it established jurisdiction over an insufficient indictment, violating appellant's constitutional right to due process and a grand jury indictment, thereby rendering the judgment of conviction void.
>
> Proposed Assignment of Error No. 2:
> The trial court erred in establishing jurisdiction to impose consecutive sentences or consecutive firearm specifications, violating appellant's right to due process and grand jury indictment.

(Doc. 10, Ex. 11). On June 11, 2009, the Ohio Court of Appeals overruled petitioner's delayed 26(B) application as untimely.[1] (Doc. 10, Ex. 13).

On July 23, 2009, petitioner timely appealed the denial of his delayed application to reopen to the Ohio Supreme Court. (Doc. 10, Ex. 14). Petitioner asserted three propositions of law:

> I. Is due process offended and a defendant deprived of the equal protection of the law when the state appointed trial attorney and appellate attorney are ineffective for failing to challenge the validity of the indictment or the

---

[1] An appellant must file an App. R. 26(B) application within 90 days of the date on which the state court of appeals journalized its judgment. (*See* Doc. 10, Ex. 13, n.1).

3

      jurisdiction of the trial court.

  II.  Whether the establishment of jurisdiction over an illegal and insufficient indictment violates a defendant['s] right to due process and a grand jury indictment and, renders the judgment of conviction void.

  III.  Whether a defendant's right to due process and grand jury indictment is offended when a trial court unconstitutionally establishes jurisdiction to impose consecutive sentences or consecutive firearm specifications.

(Doc. 10, Ex. 15). On October 14, 2009, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question." (Doc. 10, Ex. 16).

### Federal Habeas Corpus

On August 21, 2010, petitioner commenced the instant habeas corpus action.[2] (Doc. 1).

In the petition, petitioner alleges the following grounds for relief:

  **Ground One:** Ineffective assistance of trial counsel and of appellate counsel.

  **Supporting Facts:** Both the State appointed trial attorney and the State appointed appellate attorney failed in their entrusted duties to protect the due process rights of the defendant by failing to challenge the validity of the indictment or the jurisdiction of the trial court due to the insufficiency of the indictment in its failure to include the elements of mens rea.

  **Ground Two:** The State's trial court failed to establish subject matter jurisdiction and violated due process and the right to be convicted upon all of the essential elements of the crime.

  **Supporting Facts:** Due to the State's failure to allege all of the elements of O.R.C. 2911.01, the State's indictment is defective, the trial court could not establish subject matter jurisdiction, the State's prosecution failed to prove all of the elements of 2911.01, and the trial court failed to admonish the jury as to all of the essential elements to O.R.C. § 2911 and § 2901.21, violating Petitioner's due process rights by issuing an invalid judgment of conviction.

---

[2]  The petition was stamped as "filed" with the Court on September 17, 2010. Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on August 21, 2010. (*See* Doc. 1, p. 18). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on August 21, 2010.

>**Ground Three:** The State violated Petitioner's due process right when the trial court established jurisdiction to impose consecutive sentences and consecutive firearm specifications.
>
>**Supporting Facts:** The State failed to allege in the indictment or prove to the jury the additional elements necessary to impose consecutive sentences or consecutive firearm specifications.

(Doc. 1, pp. 5-9).

Respondent has filed a motion to dismiss the petition. (Doc. 10). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d). (Doc. 10, pp. 6-12). Additionally, respondent argues that petitioner's claims are procedurally defaulted. (Doc. 10, pp. 12-19).

### II. THE PETITION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE IT IS TIME-BARRED UNDER 28 U.S.C. § 2244(d)(1)(A).

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by

> the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to his claims.[3] Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's three grounds for habeas relief are based on alleged errors that occurred during the trial proceedings or on direct appeal. Since petitioner was aware of the facts underlying his claims by the close of trial and before the conclusion of the direct review

---

[3] Petitioner's petition and traverse focus entirely on the inapplicability of the limitations period to his case. However, in his motion to file a delayed appeal to the Ohio Supreme Court petitioner did argue that he was unable to file a timely appeal because his counsel failed to advise him of his right to appeal. (Doc. 10, Ex. 7, p. 2). Though petitioner has not specifically argued that § 2244(d)(1)(D) applies to delay the commencement of the statute of limitations in the instant case, the Sixth Circuit in *DiCenzi v. Rose,* 452 F.3d 465 (6th Cir. 2006), recognized that where a criminal defendant is not advised or aware of his right to appeal, "the proper task... is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]." *Id.* at 470 (quoting *Wims v. U.S.,* 225 F.3d 186, 190 (2nd Cir. 2000). The *DiCenzi* Court remanded the case for the District Court to "determine when a defendant in DiCenzi's position, acting with due diligence for AEDPA statutory purposes, would have discovered his right to an appeal." *Id.* at 472.

In the instant petition, petitioner has not raised the claim that § 2244(d)(1)(D) applies to his case. In any event, the Court finds that he has not satisfied his burden of establishing that he exercised due diligence in order for the statute of limitations to run from the date he discovered his right to appeal under §2244(d)(1)(D). *See DeCenzi* 452 F.3d at 471. The Court cannot conclude that petitioner exercised due diligence in remaining unaware of his general right to appeal an Ohio Court of Appeals' ruling for over ten years. Furthermore, petitioner has not asserted that he was uninformed of his right to appeal in the instant petition, has provided no argument or factual support for such a contention, nor has petitioner explained when or how he became aware of his right to appeal.

6

proceedings, his grounds for relief are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

In the instant petition, petitioner contends that his claims cannot be barred by the statute of limitations because he claims the judgment of the state court is not final. (Doc. 1, p. 16).

> As a result of the invalid and void judgment of conviction by the Hamilton County Common Pleas Court in this case, 28 U.S.C. §2244(D)(1) is inapplicable to apply a procedural time limitation to his petition of habeas corpus whereas the statute assumes that the judgment of the state court is, in fact, valid and final, (i.e. "pursuant to the judgment of a state court" or "(A) the date on which the judgment became final ...") and as the state court did not have subject matter jurisdiction, the state's prosecution did not prove all on the necessary and essential elements of the alleged crime, and the court failed to admonish the jury of the full elemental aspects of the alleged crime, the state cannot proclaim a final judgment to this case or the expectation of finality and §2244(D)(1) cannot procedurally bar Mr. Me[a]dows petition of habeas corpus.

(Doc. 1, pp. 16-17). Petitioner argues that because of defects in his indictment the state court never had subject-matter jurisdiction over his case, rendering his conviction void and not final for the purposes of § 2254(d)(1)(A). *Id.* More specifically, petitioner contends that his indictment failed to include a *mens rea* element with respect to the aggravated robbery count and the firearm specification. *Id.* at 15. He claims that the defect in the indictment amounted to a structural defect which divested the court of subject matter jurisdiction. *Id.* at 16. As a result, petitioner claims that his judgment of conviction was never valid and that his conviction is still not final under § 2244(d)(1). (Doc. 13, pp. 3-4). He asserts that subject matter jurisdiction claims can be raised at any time and that structural defects can never be waived. (Doc. 13, p. 2).

Federal courts considering whether subject matter jurisdiction claims provide an exemption from the AEDPA's statute of limitations have uniformly rejected such claims. *See,*

*e.g., Jones v. McQuiggin,* No. 2:10-cv-10043, 2010 WL 5575076, at *5 (E.D. Mich. Nov. 16, 2010) ("[T]here is no authority for the proposition that claims attacking the jurisdiction of the trial court are exempt from the limitations provision of § 2244(d). On the contrary, the courts that have considered the issue uniformly have held that a jurisdictional claim, like any other claim cognizable in a federal habeas petition pursuant to § 2254, must first be raised in state court and then presented to [a federal] court within the time limit set forth in § 2244(d)(1)." (internal quotation marks and citations omitted)); *Umbarger v. Burt*, No. 1:08-cv-637, 2008 WL 3911988, at *1 (W.D. Mich. Aug. 19, 2008) (collecting cases). "There is no exception under the AEDPA for subject matter jurisdiction claims." *Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007) (quoting *Moore v. Ozmint,* No. 8:06-0990-GRA-BHH, 2006 WL 2873620, at *1 (D.S.C. Oct. 4, 2006)).

This Court has also determined that subject matter jurisdiction claims do not provide an exception to the AEDPA's limitations bar. In *Couch v. Warden*, No. 1:10-cv-391, 2011 WL 221885, at *1 (S.D. Ohio Jan. 24, 2011), the petitioner argued that the statute of limitations should not bar his habeas petition because his indictment failed to include a *mens rea* element. *Id.* Similar to the argument presented in the instant petition, the petitioner in that case argued that the deficiencies of the indictment amounted to a structural defect which divested the state trial court of subject matter jurisdiction and could be raised at any time in a federal post-conviction proceeding despite the alleged statute of limitations bar. *Id.* This Court disagreed and held that the alleged error did not provide an exception to the AEDPA limitations period. *See id.* at *2. Furthermore, the Court found that the claim was not cognizable in federal habeas corpus as it was based on a perceived error of state law and that petitioner had no right to be charged by

indictment under the federal Constitution. *Id.* Therefore, based on this Court's decision in *Couch* and the decisions of other federal courts addressing the issue, the Court finds that the AEDPA's limitations period applies to petitioner's claims notwithstanding the allegedly deficient indictment.

Having found that the limitations period is applicable, the Court must now evaluate whether the petition is time barred under § 2244(d)(1)(A). The Ohio appellate court affirmed petitioner's conviction and sentence on February 6, 1998. (Doc. 10, Ex. 5). Since petitioner did not file a timely appeal to the Ohio Supreme Court, petitioner's conviction became final March 23, 1998, 45 days after the court of appeals affirmed the judgment of the trial court.[4] *See, e.g. Fuller v. Thomas,* 110 F. App'x 496, 497 (6th Cir. 2004). The statute of limitations began running the next day on March 24, 1998, and expired one year later on March 24, 1999 absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles. Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Petitioner's habeas corpus petition was filed on August 21 2010, over eleven years after the statute of limitations expired. (Doc. 1). Unless the limitations period is tolled by statute or otherwise, the petition is time-barred.

During the one-year limitations period, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (*per curiam*); *Vroman v. Brigano,* 346 F.3d

---

[4] Under Ohio law, petitioner had 45 days from the date of the decision of the Ohio Court of Appeals to file an appeal to the Ohio Supreme Court. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio.

598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 3669 days when petitioner filed an untimely notice of appeal and motion to file a delayed appeal with the Ohio Supreme Court on April 9, 2008. (Doc. 10, Ex. 6 & 7). Petitioner's motion to vacate indictment/motion for new trial and delayed application for reopening were filed on May 19, 2008. (Doc. 10, Ex. 20 & 22). Since all four motions were filed after the one-year statute of limitations had already expired on March 24, 1999, statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.

The Court must next consider whether the statute of limitations may be equitably tolled in this case. The AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling in appropriate cases. *Holland,* 130 S.Ct. at 2560. *See also Sherwood v. Prelesnik,* 579 F.3d 581, 587-88 (6th Cir. 2009); *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004); *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir. 2001). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland,* 130 S.Ct. at 2562 (quoting *Pace,* 544 U.S. at 418).

The Sixth Circuit requires the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

10

>(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood,* 579 F.3d at 588; *Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988)). Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

In examining the *Sherwood/Dunlap* factors set forth above, the Court determines that petitioner is not entitled to equitable tolling of the statute of limitations in this case. "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir. 2004) (quoting *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003)). As an initial matter, the Court notes that petitioner has not specifically argued in his petition or traverse that he is entitled to equitable tolling in this case. (*See* Docs. 1, 13). Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. Petitioner has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights.

Finally, petitioner has not made a sufficient showing of actual innocence to warrant an exception to the applicable limitations period. "Where an otherwise time-barred habeas petitioner

11

can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). To establish a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). The Court notes that actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should remain rare and "only be applied in the 'extraordinary case.'" *Schlup,* 513 U.S. at 321.

In the instant case, petitioner has not alleged his innocence nor offered any new evidence to support such a conclusion. Accordingly, an actual innocence exception to the applicable limitations period is not warranted in this case.[5]

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed. Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to toll the limitations period in the instant case.

Therefore, the Court concludes that respondent's motion to dismiss (Doc. 10) should be **GRANTED** and that the habeas corpus petition (Doc. 1) be **DISMISSED** with prejudice because

---

[5] Because the Court finds that the petition to be time-barred, the Court need not address respondent's argument that the grounds raised in the petition are procedurally defaulted.

it is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 10) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue for any of the claims alleged in the petition, which this Court has concluded is barred by the statute of limitations, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[6]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 5/3/2011

Karen L. Litkovitz
United States Magistrate Judge

---

[6] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JERRY MEADOWS,<br>    Petitioner, | Civil Action No. 1:10-cv-640 |
| vs. | Spiegel, J.<br>Litkovitz, M.J. |
| WARDEN, ALLEN<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

14

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Jerry Meadows #338-175<br>Allen Corr. Institution<br>PO Box 4501<br>Lima, OH 45802 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) | ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7003 2260 0002 6723 4958 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:10 cv 640    (Doc. 14)