```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

JERRY MEADOWS,                        :    NO. 1:10-CV-00640
                                      :
       Petitioner,                   :
                                      :
              v.                     :    **OPINION AND ORDER**
                                      :
WARDEN, ALLEN CORRECTIONAL            :
INSTITUTION,                          :
                                      :
       Respondent.                   :
                                      :

      This matter is before the Court on the Magistrate Judge's May 4, 2011 Report and Recommendation (doc. 14), and Petitioner's Objections (doc. 20). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, DENIES Petitioner's Petition for Writ of Habeas Corpus (doc. 1), and GRANTS Respondent's Motion to Dismiss (doc. 10).

**I. Background**

      In brief, Petitioner was convicted by a Hamilton County, Ohio jury on November 1, 1996 of aggravated murder, murder and aggravated robbery, with a firearm specification on each count. The murder and aggravated murder charges were merged as allied offenses of similar import, and Petitioner was sentenced to a term of life imprisonment for the aggravated murder charge and ten years for the aggravated robbery conviction, plus two additional terms of three years for the firearms specifications. The Magistrate

Judge's Report and Recommendation contains a thorough description of the relief Petitioner sought before the state courts, and the Court will not reiterate that here.  In his petition before the Court, Petitioner seeks relief on two grounds: (1) ineffective assistance of both trial and appellate counsel for failure to challenge the validity of the indictment or the jurisdiction of the trial court due to the indictment's failure to include a mens rea element; (2) violation of his due process rights when the trial court failed to establish subject matter jurisdiction over his case when the indictment was defective; and (3) the trial court violated his due process rights when it imposed consecutive sentences and consecutive firearm specifications.

      The Magistrate Judge recommends that Petitioner's petition be dismissed with prejudice because it is time barred under 28 U.S.C. § 2244(d)(1)(A) (doc. 14).  In a thorough and well-reasoned report, the Magistrate Judge details the reasons behind her recommendation.  In short, she notes that over eleven years have passed since the statute of limitations for filing a habeas petition expired.  She further notes that Petitioner has presented no justification for equitable or other tolling of the statute.  Consequently, the Magistrate Judge recommends that Respondent's motion to dismiss be granted, that the petition be dismissed with prejudice, that a certificate of appealability not issue, and that the Court should deny petitioner leave to appeal in forma pauperis

because an appeal would not be taken in good faith.

**II. Petitioner's Objections & The Court's Analysis**

Petitioner's objections are, essentially, reiterations of the arguments presented in his petition. Petitioner recognizes that he has presented no arguments addressing the fact that his petition was untimely filed, but contends that to present such arguments would be "futile" (doc. 20). He believes that "the Ohio Supreme Court has exchanged the constitutional rights of its people in order to cut cost and to relieve the taxing of its courts" and "the factual predicates of this case cannot be fully recognized or appreciated until the mandates of the Ohio Supreme Court decisions in the Colon Cases are determined to be contrary to clearly established Federal law" (Id., citing State v. Colon, 885 N.E.2d 917 (Ohio 2008) and State v. Colon II, 893 N.E.2d 169 (Ohio 2008)).

The Colon cases dealt with an indictment that failed to include a mens rea element and arguably could have presented issues favorable to Petitioner. The Court notes, however, that both Colon I and II were expressly overruled by the Ohio Supreme Court in State v. Horner, 935 N.E.2d 26 (Ohio 2010). In any event, neither these state cases nor Petitioner's arguments regarding futility do anything to overcome the fact that Petitioner's habeas petition was filed woefully out of time.

The Magistrate Judge is correct in her analysis: Petitioner's petition was filed over eleven years too late, and

3

Petitioner has offered no reasons for the application of either statutory or equitable tolling. Consequently, his petition is time-barred under 28 U.S.C. § 2244(d)(1)(A) and should be dismissed.

### III. Conclusion

Having reviewed this matter de novo, the Court agrees with the recommendations made by the Magistrate Judge. For the aforementioned reasons, the Court therefore ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 14), DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1), and GRANTS Respondent's Motion to Dismiss (doc. 10). The Court DECLINES to issue a certificate of appealability with respect to any of Petitioner's grounds for relief, because a jurist of reason would not find it debatable whether this Court is correct in its procedural rulings and because Petitioner has failed to make a substantial showing of the denial of a constitutional right, and the issues presented are not adequate to deserve encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 475, 484-85 (2000); 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b). Finally, pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be DENIED.

SO ORDERED.